IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN-PAUL WOODRUFF,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-06-1469 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **A. J. BOOTH,** *et al.*, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM

### I.   Introduction

Plaintiff, Kevin-Paul Woodruff, an inmate at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *pro se* action with a *Bivens*[1] civil rights complaint.  Plaintiff claims that Defendants have denied his Constitutional right of access to the courts by delaying transmission of legal mail, and Plaintiff seeks monetary damages for the failure.  (Doc. 1)  Presently pending is "Plaintiff's Affidavit for Temporary Restraining Order, Hearing, Duration Rule 65(b) and/or Preliminary Injunction" (Doc. 4), filed contemporaneously with the complaint.  For the reasons that follow, Plaintiff's motion will be denied.

### II.   Background

Plaintiff alleges that in an attempt "to litigate [a civil action] in the Superior Court of California . . . [on June 12, 2006, he] placed into the legal mail repository at [USP-

---

[1]*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal-question jurisdiction of the district courts to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

Lewisburg] PA first class mail, [bearing number 7004 1160 0003 0252 6423,] return receipt requested . . . for delivery to the [California] Superior Court." (Doc. 1 at 3.) Thereafter, in an effort to obtain the "'tear-away' confirmation slip" ("return receipt") (*Id*. at 4), Plaintiff sent a request to the USP-Lewisburg mail room on June 15, 2006, June 19, 2006, June 24, 2006, June 27, 2006, June 29, 2006, July 10, 2006, and July 11, 2006. Frustrated by the lack of response from the mail room, Plaintiff filed an informal resolution attempt on July 6, 2006, to obtain his return receipt. Ultimately, "on July 18, 2006, the [D]efendants returned the [P]laintiff's certified mail 'tear-away' slip." (*Id*. at 6.) Plaintiff claims that "Defendants . . . engaged in illegal and inappropriate conduct via [D]efendants['] constructive denial to (sic) process [P]laintiff's legal mail and forward same to the Superior Court of California." (*Id*. at 9.)

Plaintiff also alleges difficulty in mailing another package, sent by certified mail, bearing the number 7005 3110 0002 6131 5111. Plaintiff learned that this mail had been inspected, pursuant to prison regulations, on July 16, 2006, to confirm "that no contraband or escape plan" were enclosed. (*Id*. at 7.) On July 17, 2006, Plaintiff's mail was returned to him through the institutional mail because his mail did not meet the criteria of "special mail" under the provisions of the applicable Program Statement 5265.08. (*Id*.) "After being informed of the error, [P]laintiff corrected the error and removed the special mail mark, and resubmitted [the item]." (*Id*.) On July 18, 2006, Plaintiff's mail was again returned because it was sealed when resubmitted, whereas "any mail that is not true legal mail must be received in the mail room opened and not sealed." (*Id*.) Instead of opening the mail and resubmitting it, the complaint demonstrates that Plaintiff is taking issue with the requirement of a second inspection. Plaintiff claims that Defendants' actions are "purely bias and

2

prejudice, and violates [Plaintiff's] most cherished rights of [freedom of speech]."  (*Id*. at 8.)

Subsequently, Plaintiff commenced this civil rights action, seeking monetary damages of $ 2,500.00 for Defendants' Constitutional violations.  Plaintiff contemporaneously filed an affidavit for a temporary restraining order ("TRO") pursuant to Fed. R. Civ. P. 65(b) because "he is ill-at-ease respecting potential retaliatory actions of the Defendants" (*Id*. at 13), and he is filing his affidavit for TRO to "prevent such retaliatory actions."  (*Id*.)  Plaintiff fails to set forth the requisite factors to justify issuance of a TRO.

## III.    Discussion

Federal Rule of Civil Procedure 65(b) states, in relevant part:

> A temporary restraining order may be granted without . . . notice to the adverse party . . . only if (1) it clearly appears from specific facts shown by the affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party . . . can be heard in opposition.

Fed. R. Civ. P. 65(b).  Injunctive relief is extraordinary in nature, and such relief should issue only in limited circumstances.  *A. T. & T. Co. v. Winback and Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). "In the prison context, requests for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Riley v. Snyder*, 72 F. Supp.2d 456, 459 (D. Del. 1999).

Here, Plaintiff has failed to establish the requisite factors to justify relief.  "A Bivens action, which is the federal equivalent of the § 1983 cause of action against state actors, will lie where the defendant has violated the plaintiff's rights under color of federal law." *Brown v. Philip Morris, Inc.*,  250 F.3d 789, 800 (3d Cir. 2001).  Although Plaintiff's

3

complaint alleges that Defendants denied his Constitutional rights to free speech and meaningful access to the courts, Plaintiff's affidavit for TRO is based upon his concern that Defendants will retaliate against him for filing the instant Bivens action.[2]  As stated in the verified complaint, this assertion is founded upon the fact that "he is ill-at-ease respecting potential retaliatory actions of the Defendants" (Doc. 1 at 13), and he is filing his motion for TRO to "prevent such retaliatory actions." (*Id.*)  Plaintiff has cited no irreparable injury that has resulted or will result, and in his affidavit in support of TRO he merely asserts that Defendants' "unconstitutional acts . . . *could* cause wanton irreparable harm." (Doc. 4 at 8) (emphasis added).  While he claims that Defendants' actions *could* result in irreparable harm, speculative injury does not constitute a showing of irreparable harm.  *Continental Group, Inc. v. Amoco Chem. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980).  Accordingly, Plaintiff has failed to establish the essential elements for a TRO as set forth in Rule 65(b), and his motion will be denied.  An appropriate Order follows.


Dated: October 6, 2006.         /s/ A. Richard Caputo
                                A. RICHARD CAPUTO
                                United States District Judge

---

[2]In his affidavit for TRO, Plaintiff also claims that Defendants were deliberately indifferent to his medical condition (asthma).  However, this claim is unrelated to the subject of the instant complaint, and must be pursued in a separate cause of action.  Moreover, there is nothing to indicate that lack of "proper ventilation systems for circulating air and unsanitary cells in G-Block" (Doc. 4 at 7) would constitute unnecessary and wanton infliction of pain, necessary to establish an Eighth Amendment violation.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEVIN-PAUL WOODRUFF,** | : | |
| **Plaintiff,** | : | **CIVIL NO. 3:CV-06-1469** |
| v. | : | **(Judge Caputo)** |
| **A. J. BOOTH,** *et al.*, | : | |
| **Defendants.** | : | |

# O R D E R

**AND NOW, THIS 6th DAY OF OCTOBER, 2006**, in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT** Plaintiff's motion for temporary restraining order (Doc. 4) is **DENIED**.

                                                /s/ A. Richard Caputo
                                                A. RICHARD CAPUTO
                                                United States District Judge