IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN-PAUL WOODRUFF,** | : |
| | : |
| **Plaintiff,** | :   CIVIL NO. 3:CV-06-1469 |
| | : |
| v. | :   **(Judge Caputo)** |
| | : |
| **A. J. BOOTH,** *et al.*, | : |
| | : |
| **Defendants.** | : |

## ORDER

Plaintiff, Kevin-Paul Woodruff, an inmate at the United State Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *pro se* action by filing a *Bivens*[1] civil rights complaint (Doc. 1).  Thereafter, Plaintiff filed a "Motion of Joinder of Claims and Remedies" (Doc. 14), which the Court accepted as a first amended complaint. Defendants are the following officials at USP-Lewisburg: Mailroom Supervisor Chambers, A. J. Booth, and "John and Jane Does 1 to 50" (Doc 1 at 1; Doc. 14 at 3-4.)  Plaintiff claims that Defendants have interfered with his incoming and outgoing mail.  He seeks monetary damages, injunctive and declaratory relief, incidental damages, costs of suit, and attorney's fees.  (Doc. 14 at 2.)

In regard to the Defendants identified only as "John and Jane Does 1 to 50" (Doc. 14 at 4), fictitious or "John Doe" defendants are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed.  *Hindes v. F.D.I.C.*, 137

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

F.3d 148, 155 (3d Cir. 1998) (citations omitted).  Absent compelling reasons, a district court may dismiss such defendants if a plaintiff, after being granted a reasonable period of discovery, fails to identify them.  Id.

Based on this court's review of the record, although this action was filed more than six months ago, Plaintiff has not yet provided this Court with the identities of the John and Jane Doe Defendants.  Thus, Plaintiff will be directed to properly identify the John and Jane Doe Defendants on or before February 23, 2007.  If Plaintiff fails to timely identify those Defendants, they shall be dismissed from this action under the authority of *Hindes*.

**ACCORDINGLY, THIS 8th DAY OF FEBRUARY, 2007, IT IS HEREBY ORDERED THAT** Plaintiff shall identify the Defendants referred to in the complaint as "John and Jane Doe Defendants 1 to 50" on or before February 23, 2007.  If Plaintiff fails to identify these Defendants in the time prescribed, such Defendants will be dismissed from this case.  FED. R. Civ. P. 41(b); *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998).

                /s/ A. Richard Caputo
                A. RICHARD CAPUTO
                United States District Judge