IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN-PAUL WOODRUFF,** | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-06-1469 |
| v. | : (Judge Caputo) |
| **A. J. BOOTH,** *et al.,* | : |
| **Defendants.** | : |

**M E M O R A N D U M**

**I.  Introduction**

Plaintiff, Kevin-Paul Woodruff, an inmate at the United State Penitentiary in Lewisburg ("USP-Lewisburg"), Pennsylvania, commenced this *pro se* action by filing a *Bivens*[1] civil rights complaint (Doc. 1).  Thereafter, Plaintiff filed a "Motion of Joinder of Claims and Remedies" (Doc. 14), which the Court accepted as a first amended complaint. (*See* Doc. 17).  Defendants are the following officials at USP-Lewisburg: Mailroom Supervisor Chambers, A. J. Booth, and "John and Jane Does 1 to 50"[2] (Doc 1 at 1; Doc. 14 at 3-4.)  Plaintiff claims that Defendants have interfered with his incoming and outgoing mail.  He seeks monetary damages, injunctive and declaratory relief, incidental damages, costs of suit, and attorney's fees.  (Doc. 14 at 2.) Presently pending is Chambers and

---

[1] *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* stands for the proposition that "a citizen suffering a compensable injury to a constitutionally protected interest could invoke the general federal question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504 (1978).

[2] By document dated February 15, 2007 (Doc. 39), Plaintiff identified the John and Jane Doe Defendants 1-50 as Robert Aderhold, Jr.; Steven Bigler; Garth Bingamon; Douglas Eroh; David Kietaber; Susan Stover; Loran Crawford; Thomas Lincalis; Glen Pfleegor, Jr.; Mark Robbins; and Rodney Kerstetter.

Booth's Motion to Dismiss or, in the Alternative, for Summary Judgment (Doc. 38) and Plaintiff's Motion to Strike Defendants' Motion as Untimely (Doc. 24).  The motions have been briefed and they is ripe for disposition.  For the following reasons, Plaintiff's motion will be denied and Defendants' motion for summary judgment will be granted.

## II.     Discussion

### A.     Timeliness of Defendants' Motion

Plaintiff has filed a Motion to Strike Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment, based upon a contention that Defendants' Motion was untimely filed.  Plaintiff filed a Motion for Joinder of Claims, which was construed as a Motion For Leave to File an amended Complaint, and the Motion was granted by Order of this Court dated November 28, 2006 (Doc. 17).  Thereafter, the amended complaint was served on Defendants on December 1, 2006.  (Doc. 32 at 2.)  Under the provisions of Fed. R. Civ. P. 15(a), Defendants had a period of ten (10) days from December 1, 2006 to file a response to the Amended Complaint.  Fed. R. Civ. P. 15(a).  Although Plaintiff appears to believe that this period contemplates ten calendar days, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."  Fed. R. Civ. P. 6(a).  Thus, Defendants' Motion to Dismiss or, in the Alternative, For Summary Judgment, filed on December 15, 2006, was timely.  Accordingly, Plaintiff's Motion to Strike Defendants' Motion will be denied.

### B.     Motion to Dismiss Standard

Defendants' motion to dismiss is based upon a contention that Plaintiff has failed to

exhaust administrative remedies.  In rendering a decision on a motion to dismiss, the Court must accept the plaintiff's allegations as true.  *White v. Napoleon*, 897 F.2d 103, 106 (3d Cir. 1990).  Since Defendants' motion relies upon supplemental documentation attached to the motion, Defendants' motion to dismiss will be denied.

### C. Summary Judgment Standard

Defendants also move for summary judgment, again based upon a contention that Plaintiff has failed to exhaust his administrative remedies.  The Court agrees.  Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in a light most favorable to the non-moving party.  *Mraz v. County of Lehigh,* 862 F. Supp. 1344 (E.D. Pa. 1994).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To preclude summary judgment, there must be a "genuine" issue of a material fact, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id*.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  *Id*. at 249-250 (citations omitted).

Moreover, Rule 56 provides that the adverse party may not simply sit back and rest on the allegations contained in the pleadings. Rather, the adverse party must show by affidavits, pleadings, depositions, answers to interrogatories, and admissions on file that there is a genuine issue for trial. Fed. R. Civ. P. 56(e). When addressing a summary judgment motion, our inquiry focuses on "whether *the evidence* presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52 (emphasis added).

### D.     Exhaustion Requirement

Under the provisions of 42 U.S.C. § 1997e(a):

> No action shall be brought with respect to prison conditions under Section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). "This provision makes no distinction between an action for damages, injunctive relief, or both. The exhaustion requirement is mandatory, whether or not the administrative remedies afford the inmate-plaintiff the relief sought in the federal court action." *Nyhuis v. Reno*, 204 F.3d 65, 67 (3d Cir. 2000). Thus, prisoners are required to exhaust available administrative remedies prior to seeking relief pursuant to 42 U.S.C. § 1983 or any other federal law. *Fortes v. Harding*, 19 F. Supp. 2d 323, 325 (M.D. Pa. 1998).

In *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988), the United States Court of Appeals for the Third Circuit identified the various policies underlying the exhaustion requirement:

> First, adherence to the doctrine shows appropriate deference to Congress' decision, embodied in statute, that an independent administrative tribunal, and not the courts, should serve as the initial forum for dispute resolution . . .
>
> Second, the exhaustion doctrine illustrates respect for administrative autonomy by forbidding unnecessary judicial interruption of the administrative process. This autonomy allows the administrative tribunal to exercise its own discretion, apply its own special expertise, and correct its own errors, thereby promoting administrative responsibility and efficiency and minimizing the frequent and deliberate flouting of administrative processes which could weaken the tribunal's effectiveness.
>
> Third, the exhaustion requirement fosters judicial economy both by permitting the administrative tribunal to vindicate a complaining party's rights in the course of its proceedings, thereby obviating judicial intervention, and by encouraging the tribunal to make findings of fact on which courts can later rely in their decision making.

*Id.*, citing *Republic Indus., Inc. v. Central Pa. Teamsters Pension Fund*, 693 F.2d 290, 293 (3d Cir. 1982).

The BOP has established a multi-tier system whereby a federal prisoner may seek formal review of any aspect of his imprisonment. *See* 28 C.F.R. §§ 542.10 - 542.19. First, inmates shall informally present their complaints to the unit team, and the unit team shall attempt to informally resolve any issue before an inmate files a request for Administrative Remedy. *Id.* at § 542.13(a). If an inmate is unable to informally resolve his complaint, he may file a formal written complaint, on the appropriate form, to the warden of the institution where the inmate is confined. *Id.* at § 542.14.

If an inmate is not satisfied with the warden's response, the response may be appealed (on the appropriate form) to the Regional Director. *Id.* at § 542.15. Finally, if the

inmate is dissatisfied with the Regional Director's response, that decision may then be appealed to the General Counsel (central office). *Id.*

Petitioner acknowledges that there is a prisoner grievance procedure in place, and he had not exhausted his administrative remedies on the date the complaint was filed. However, Plaintiff argues that (1) Defendants' Motion should be stricken as untimely, and (2) that the administrative grievance process was inordinately delayed (four months to completion), thereby excusing failure to exhaust. As previously noted, Defendants' Motion is timely, and will not be stricken. In regard to his second argument, the Court acknowledges that exhaustion may be excused with an inordinate delay in processing claims for relief. *See Lee v. Stickman*, 357 F.3d 338, 341 (2004). However, Plaintiff fails to set forth any authority, and the Court is unaware of any, that concludes that a four month duration of the administrative remedy process constitutes inordinate delay.

Moreover, Defendants have filed supplemental documents (Doc. 21) in support of their Summary Judgment Motion, which incorporate the sworn declaration of BOP attorney-advisor John E. Wallace. (*Id.,* Ex. 1.) Wallace states that in the ordinary course of business, the BOP maintains a computerized record of all administrative requests and appeals filed by inmates. A review of the record confirms that the Plaintiff had not exhausted the claim raised in this case on July 28, 2006, the date the complaint was filed. (*Id.* at 3-4, ¶¶ 8-11.) The record discloses that Plaintiff has filed one administrative remedy raising the issues set forth in the amended complaint. However, the administrative remedy was not completed until November 27, 2006, approximately four (4) months after initiation of this case.

Liberally construing the filings of this *pro se* litigant with respect to the Motion for

6

Summary Judgment, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that Plaintiff has failed to exhaust his administrative remedies. The complete administrative procedure was made available to the Plaintiff, and he did not fully avail himself of that process on the date the complaint was filed. Plaintiff's failure to exhaust his administrative remedies prior to commencement of this case warrants summary judgment. Further, since Plaintiff has failed to exhaust administrative remedies prior to filing the present action, summary judgment will be granted as to all Defendants. An appropriate Order follows.

Dated: February 21, 2007                /s/ A. Richard Caputo
                                                    A. RICHARD CAPUTO
                                                    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN-PAUL WOODRUFF,** | : |
| **Plaintiff,** | : CIVIL NO. 3:CV-06-1469 |
| v. | : (Judge Caputo) |
| **A. J. BOOTH,** *et al.*, | : |
| **Defendants.** | : |

# O R D E R

**AND NOW, THIS 21st DAY OF FEBRUARY, 2007,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Motion to Strike (Doc. 24) Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment is **DENIED**.

2. Defendants' Motion For Summary Judgment (Doc. 19) is **GRANTED**, without prejudice.

3. Defendants' Motion For Protective Order (Doc. 25) is **DENIED** as moot.

4. The Clerk of Court shall enter judgment in favor of Defendants and against the Plaintiff.

5. The Clerk of Court shall **CLOSE** this case.

6. Any appeal from this Order will be deemed frivolous, without probable cause, and not taken in good faith.

/s/ A. Richard Caputo
A. RICHARD CAPUTO
United States District Judge